IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD W. SLOVACEK,<br>  Petitioner, | )<br>)<br>) |
| v. | )  No. 3:14-CV-1309-M<br>)  No. 3:07-CR-0289-M (12)<br>) |
| UNITED STATES OF AMERICA,<br>  Respondent. | )<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. In September 2007, Petitioner and thirteen co-defendants were charged in a 31-count indictment that alleged an illegal kickback scheme between real-estate developers and officials with the City of Dallas. In December 2008, the district court granted Petitioner's motion for a separate trial. In May 2010, the government obtained a superseding indictment that charged Petitioner with conspiracy to commit bribery and bribery concerning a local government that received federal funds (Counts 10 and 12) and conspiracy to launder the unlawful proceeds of the bribery (Count 19). The offenses

1

carried statutory maximums of 5, 10, and 20 years' imprisonment, respectively. (PSR ¶ 97.)

Petitioner went to trial on the superseding indictment in November 2010, and the jury found him guilty of all three counts. In April 2011, the district court varied below the advisory guideline range of 188 to 235 months and sentenced Petitioner to an aggregate term of 84 months in prison. The Fifth Circuit affirmed the judgment on direct appeal. *See United States v. Slovacek*, 500 F. App'x 360 (5th Cir. 2012), *reh'g and reh'g en banc denied,* (2013).

On April 10, 2014, Petitioner filed the instant § 2255 petition. On April 25, 2015, he filed an amended petition. He argues he received ineffective assistance of counsel when: (1) counsel misrepresented Petitioner's possible sentencing range if Petitioner were to go to trial and get convicted; and (2) counsel failed to properly investigate and determine whether the defense received a copy of all phone calls that were recorded by the government.

On May 26, 2015, the government filed its response. On July 24, 2015, Petitioner filed a reply. The Court now finds the petition should be denied.

## II.     Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct appeal.

> Slovacek, a construction contractor, was convicted of participating in a bribery scheme related to real estate developments and low-income housing construction projects in Dallas, Texas. Slovacek was found guilty of paying kickbacks to Dallas City

      Councilman Donald Hill and City Plan and Zoning Commissioner D'Angelo Lee, in return for their assistance in winning a lucrative construction subcontract. He laundered proceeds from the subcontract, as well as the kickback funds, through his business account.

      Fourteen defendants were indicted and convicted, by plea or trial, for participating in some aspect of the corruption scheme. Because Slovacek provided the government with substantial evidence under a proffer agreement and because the government sought to use that evidence to prove the case against Slovacek's co-defendants, the district court severed Slovacek's case. The government submitted a superseding indictment to the new grand jury that omitted all the information that Slovacek's attorneys had objected to as being in violation of the proffer agreement. The grand jury indicted Slovacek on the basis of the superseding indictment.

*United States v. Slovacek*, 500 F. App'x 360, 361 (5th Cir. 2012).

### III. <u>Discussion</u>

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.*

3

(quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). Additionally, a defendant's Sixth Amendment right to counsel "extends to the plea bargaining process." *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 1384 (2012) (citing *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1407 - 08 (2012)).

### A.   Sentence

Petitioner was represented at trial by attorneys Michael Gibson and Carl Medders. Petitioner claims Gibson informed him that the government made a plea offer for Petitioner to plead guilty to a bribery conspiracy charge and that Petitioner would face no greater than a 60-month sentence, and most probably substantially less than 60 months. (Amend. Pet. at 6.) Petitioner submits an affidavit in which he alleges he rejected the government's plea offer because counsel advised him the case was "winnable" and his sentence "would be no more than 44 months whether [he] pleaded guilty or was found guilty at trial." (*Id.* at 7; Amend. Pet. Ex. 2.) The government submits an affidavit from Gibson in which Gibson states he never told Petitioner he had a winnable case, but did tell Petitioner he had a triable case. Gibson also states he informed Petitioner he would probably receive a higher sentence if he proceeded to trial instead of accepting the plea offer. (Gov. Resp. Ex. at 3.)

On April 19, 2016, the Court held an evidentiary hearing on Petitioner's claim. Petitioner testified that counsel Gibson told him the government had offered him a sentence of no more than five years in prison in exchange for his testimony against other defendants. Petitioner stated Gibson told him that if he went to trial and was convicted of all three charges he would likely received a sentence of 36 to 44 months in prison. Petitioner stated he relied on this advice in

4

determining whether to proceed to trial. Petitioner testified Gibson told him he had a good case and that it was a potentially winnable case. Petitioner stated that the terms "winnable" and "triable" meant the same thing to him. Petitioner did not recall attorney Medders discussing the possible sentence range with him.

Petitioner also testified it was very important to him to show he was innocent of the charges. He stated he rejected the government's plea offer of no more than five years in exchange for his testimony because he could not testify to something that did not happen.

Petitioner's ex-wife also testified at the hearing. She stated attorney Gibson told her and Petitioner that if Petitioner proceeded to trial and was found guilty on all three charges, he would likely be sentenced to three or four years in prison. She stated Gibson told her and Petitioner that if Petitioner pled guilty, his maximum sentence would be five years, but the sentence could be less than five years. She also stated both Gibson and Medders told them Petitioner had a "winnable" case. She testified Petitioner relied on this advice when deciding whether to plead guilty or proceed to trial.

Attorneys Gibson and Medders also testified at the hearing. Gibson testified he never told Petitioner or Petitioner's ex-wife that Petitioner had a winnable case. Gibbons stated he told Petitioner and Petitioner's ex-wife that Petitioner had a "triable" case, which he stated meant there were some facts in Petitioner's favor. Gibson stated he never heard Medders say that Petitioner had a winnable case. Gibson stated he reviewed the statutory maximum sentence and the sentencing guidelines with Petitioner. Gibson testified that at one point the government made a plea offer with a maximum five year sentence in exchange for Petitioner's testimony against other defendants. Gibson stated he advised Petitioner that if he accepted the plea offer and

5

provided testimony, he could receive a reduction for substantial assistance that would might put his sentence at 36 to 44 months in prison. Petitioner, however, rejected the plea offer. Gibson stated he never told Petitioner or Petitioner's ex-wife that if Petitioner went to trial and was convicted, he would receive no more than 44 months in prison. Gibson stated he told Petitioner that Petitioner would likely receive a higher sentence after a trial than if he accepted the plea offer.

Medders testified that he never told Petitioner or Petitioner's ex-wife that Petitioner's case was winnable, and he never heard Gibson make that statement. Medders stated Gibson did say there were triable issues in the case. Medders stated he never advised Petitioner that there was no down side to proceeding to trial, and never stated the sentence would be about the same if Petitioner pled guilty or went to trial. Medders testified he discussed the sentencing guidelines with Petitioner. Medders stated that early in the case he calculated the guideline sentence based on proceeding to trial, but that as discovery progressed, he recalculated the guidelines based on the discovery and on proceeding to trial or accepting a plea agreement.

The Court finds the testimony of Gibson and Medders to be credible. The Court finds neither Gibson or Medders told Petitioner that he would likely receive a sentence of 36 to 44 months if he proceeded to trial and was convicted, or that his case was winnable. Further, the Court finds Petitioner rejected the government's plea offers because it was important to Petitioner to show he was innocent of the charges. Petitioner's ineffective assistance of counsel claim is without merit and should be denied.

**B.     Investigation**

Petitioner claims he received ineffective assistance of counsel when counsel failed to

6

properly investigate the case prior to trial and determine whether the defense received a copy of all phone calls that were recorded by the government. Petitioner claims trial counsel should have retained an expert to review the wiretap evidence for possible missing calls.[1] Petitioner, however, has failed to show that there were any phone calls missing from the discovery or that any such phone calls were exculpatory. Petitioner also admits he is unable to show he was prejudiced by his counsel's failure to further investigate the wiretap evidence. (Pet. Mem. at 18.) Petitioner ineffective assistance of counsel claim is without merit and should be denied.

## IV. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's § 2255 petition be DENIED with prejudice.

IT IS SO ORDERED.

Signed this 25 day of April, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]Petitioner filed a motion for discovery in this case seeking: (1) an original or copy of the magnetic disks or hard drives of the wiretap evidence; and (2) handwritten monitor logs of the wiretap evidence. He claimed this discovery was necessary to prove his ineffective assistance of counsel claim. The undersigned magistrate judge denied the motion, and Petitioner's motion for reconsideration, finding Petitioner's claims speculative and that Petitioner failed to show good cause for the discovery. (*See* ECF Nos. 12, 30.) On February 18, 2016, the district judge overruled Petitioner's objections to the denial of his motion. (ECF No. 33.)

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).